Do Kim (SBN 231038)
LAW OFFICES OF DO KIM
3435 Wilshire Blvd., Suite 2700
Los Angeles, CA 90010
Telephone:  (213) 251-5440
Facsimile:  (213) 251-5445
Email: dkim@dokimlaw.com

Attorneys for Plaintiff
HYUN JI BYUN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

HYUN JI BYUN, an individual,

        Plaintiff,

   vs.

COUNTY OF SAN BERNARDINO,
ROD HOOPS, OFFICER M.
GRIFFITH, and DOES 1 through 10,
inclusive,

        Defendants.

_____

Case No.  ED CV 11 - 00002

**COMPLAINT FOR DAMAGES**

1.  Violation of Fourth and
    Fourteenth Amendments -
    Excessive Force, 42 U.S.C.
    § 1983

2.  Violation of Fourteenth
    Amendment - Racial
    Discrimination, 42 U.S.C.
    § 1983

3.  Battery

4.  Negligence

5.  Negligent Hiring, Retention,
    Training, and Supervision

6.  Intentional Infliction of
    Emotional Distress

7.  Violation of California Civil
    Code § 52.1

8.  Violation of California Civil
    Code § 51.7

**DEMAND FOR JURY TRIAL**

1.

Plaintiff HYUN JI BYUN, on information and belief, makes the following allegations to support this Complaint:

## JURISDICTION AND VENUE

1.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction).  This action arises under the laws of the United States and of California.  Plaintiff seeks to redress deprivations by the Defendants, acting under color of state laws, of rights secured to him by the Constitution, and the laws of the United States and the state of California.  This Court has jurisdiction over Plaintiff's supplemental or pendant claims under California law pursuant to 28 U.S.C. § 1367.

2.     Venue in this action is proper in this judicial district by virtue of 28 U.S.C. § 1391 because the acts or omissions complained of occurred in this judicial district and because one or more of the Defendants reside in this judicial district.

## PLAINTIFF

3.     At the time of the injury, Plaintiff HYUN JI BYUN ("Plaintiff" or "BYUN") was a resident of the City of Corona, County of Riverside, State of California.  Mr. BYUN is currently a resident of the City of Los Angeles, County of Los Angeles, State of California.  Plaintiff is a 42-year-old adult male who was subjected to excessive force and racial discrimination by Defendants, and thus brings this action.

4.     Plaintiff timely filed a tort claim with the COUNTY OF SAN BERNARDINO and this action was timely filed within six months of the denial of the tort claim.

2.

**COMPLAINT FOR DAMAGES**

<u>DEFENDANTS</u>

5.    At all times mentioned herein, Defendant COUNTY OF SAN BERNARDINO ("COUNTY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  The San Bernardino County Sheriff's Department ("SBCSD") is an official subdivision of the COUNTY, and all officers employed by said Department are employees of Defendant COUNTY OF SAN BERNARDINO.  At all relevant times, COUNTY was the employer of Defendants ROD HOOPS, OFFICER M. GRIFFITH, and DOES 1 through 10.  The COUNTY and its officers, employees, and agents are responsible for Plaintiff's damages under 42 U.S.C. § 1983, and California law.

6.    Defendant COUNTY was at all times mentioned herein, engaged in owning, operating, maintaining, managing, and doing business as a Police Department in the COUNTY OF SAN BERNARDINO, State of California.  All of the acts complained of herein by Plaintiff against Defendant COUNTY were done and performed by said COUNTY by and through its authorized agents, servants, and/or employees, and each of them, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendant COUNTY and its employees and/or agents ratified, condoned, permitted, and/or authorized the conduct of its employees, or agents, all of the acts complained of herein, and is vicariously liable for the wrongful conduct of its employees or agents.  Pursuant to California Government Code § 818, Plaintiff does not allege punitive damages against the COUNTY OF SAN BERNARDINO.

7.    Defendant ROD HOOPS ("HOOPS") was, and at all relevant times hereto, the Sheriff of the San Bernardino County Sheriff's Department at the time Plaintiff was subjected to excessive force and racial discrimination while being

3.

1   arrested on or about March 16, 2010.  He was charged by law with the

2   administration of the San Bernardino County Sheriff's Department and with the

3   supervision, training, hiring, and retention of persons working within the SBCSD,

4   including peace officers and other employees.  Plaintiff is further informed and

5   believes and thereon alleges that at all relevant times, Defendant HOOPS was

6   responsible for supervising all officers and for maintaining and implementing the

7   policies and procedures regarding the arrest of individuals who are suspected of

8   committing crimes, the use of force, anti-discrimination, and is one of the persons

9   responsible for Plaintiff's damages.  Plaintiff is informed and believes and thereon

10  alleges that Defendant HOOPS engaged in acts or omissions with the evil motive

11  and intent, and/or in callous, reckless, and wanton disregard to the rights of

12  Plaintiff and specifically ratified the conduct complained of herein.  Defendant

13  HOOPS is sued in both his individual and official capacities.

14

15        8.    Plaintiff is informed and believes and thereon alleges that, at all

16  relevant times mentioned herein, Defendant OFFICER M. GRIFFITH

17  ("GRIFFITH") (Badge No. G2673), an officer of the SBCSD, was a duly

18  authorized employee of the COUNTY, who was acting within the course and

19  scope of his respective duties and with the complete authority and ratification of

20  the COUNTY.  At all relevant times herein, OFFICER GRIFFITH was acting

21  under color of state law: under the color of the statutes, ordinances, regulations,

22  policies, procedures, customs, and usages of the COUNTY.

23

24        9.    Plaintiff is unaware of the true identities, capacities, and the role of

25  10 unknown named Defendants, whether a corporation, agent, government entity,

26  individual, or otherwise, and for this reason sues those Defendants by fictitious

27  names.  Plaintiff is informed and believes and thereon alleges that each of the

28  fictitiously named Defendants is in some manner and to some extent liable for the

4.

**COMPLAINT FOR DAMAGES**

injuries alleged in the Complaint. Plaintiff will seek leave to amend the Complaint to allege the true identities, capacities, and role of those fictitiously named Defendants when they are determined.

10.   In addition to filing a tort claim with the COUNTY, Plaintiff has filed tort claims with the County of Riverside, City of Corona, City of Rancho Cucamonga, and the City of Moreno Valley to preserve his rights to sue these public entities. At this point in time, Plaintiff is uncertain whether law enforcement agencies from these public entities were involved in his arrest and battery. Accordingly, Plaintiff reserves the right to add any of these public entities and their officers, employees, or agents at a later time as DOE defendants once discovery has clarified their involvement and roles in the arrest and battery of Plaintiff.

11.   Defendants COUNTY OF SAN BERNARDINO, ROD HOOPS, OFFICER M. GRIFFITH, and DOES 1-10, inclusive, are hereinafter referred to collectively as "Defendants."

12.   Plaintiff is informed and believes and thereon alleges that each Defendant is, and at all times mentioned was, the agent, employee, or representative of each other Defendant. Each Defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual or apparent authority or the alleged acts and omissions of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal.

13.   Plaintiff is informed and believes and thereon alleges that all Defendants, at all times relevant to the allegations herein, acted under color of

5.

**COMPLAINT FOR DAMAGES**

1  federal and/or state law, and each Defendant, is sued in his or her individual and

2  official capacities. Liability under California law for all government entity

3  Defendants and employees is based upon California Government Code § 815.2

4  and § 820, *et seq*.

5

6  ## FACTS COMMON TO ALL CAUSES OF ACTION

7      14.    Plaintiff HYUN JI BYUN had lived with Sidney Kim ("Ms. Kim"),

8  and her sons, Paul and David, as a family for approximately three years. Mr.

9  BYUN considered himself to be Paul and David's stepfather. Mr. BYUN and Ms.

10  Kim also had a two year old daughter together. The relationship with Mr. BYUN

11  and Ms. Kim ended shortly before the subject incident.

12

13      15.    On or about March 15, 2010, Mr. BYUN picked up Paul and David

14  from school and spent the day with them. Paul and David stayed overnight with

15  Mr. BYUN at Grace Korean Church Retreat Center, located at 11985 Indian Truck

16  Trail, Corona, CA 92883, where he was staying at the time. Mr. BYUN planned

17  to drop Paul and David off at school the next day.

18

19      16.    On or about March 16, 2010, shortly after 3 a.m., Mr. BYUN awoke

20  from sleep after he heard the breaking of the glass window in the door. Then he

21  saw something that looked like a flare that was shot into the room through the

22  broken window. A part of the flare landed on Mr. BYUN's pants, which caught

23  on fire. Mr. BYUN immediately stood up and patted his pants to put out the fire.

24

25      17.    Mr. BYUN believed that a burglar must be breaking into his room.

26  He saw a person in an all black outfit with a mask come into his room. Concerned

27  for the safety of Paul and David, Mr. Byun wrapped his arms around the unknown

28  man's chest and pushed him out of the room.

6.

**COMPLAINT FOR DAMAGES**

18.     After Mr. BYUN pushed the unknown man out the door, he suddenly felt blows all over his body from others who were outside.  Mr. BYUN fell to the ground on his knees.  As a result of falling to the ground, Mr. BYUN lost his grip on the unknown man.  Mr. BYUN is informed and believes and thereon alleges that there were at least ten, if not more, people who surrounded him, including Defendant OFFICER GRIFFITH.  These ten people continued to batter Mr. BYUN all over his body, causing Mr. BYUN to collapse to the ground on the left side of his body.  The unknown people handcuffed him.  After he was handcuffed, Mr. BYUN realized that the people who had surrounded him and beat him were police officers.

19.     Even after being handcuffed, the police officers who surrounded Mr. BYUN kept beating him all over his body with their boots, rifle, and baton.  Plaintiff is informed and believes and thereon alleges that Defendant OFFICER GRIFFITH also engaged in the brutal beating.  Mr. BYUN yelled, "Stop, stop," but the police officers continued to beat him.  Mr. BYUN yelled for the kids, "Paul, and David."  The police officers told him to shut up and began hitting him in his mouth and face with the butt of the rifle.  His mouth became bloody.  A police officer yelled at Mr. BYUN, "Fucking Korean!  Go home!"  The police officers continued to beat Mr. BYUN on the right side of his body with the butt of the rifle and baton, and by kicking him with their boots.  One of the police officers used his boots to crush Mr. BYUN's bare feet.  In agony, Mr. BYUN continuously screamed to the police officer, "Please stop!" but they did not.

20.     Mr. BYUN became unconscious.  He regained consciousness when he felt water on his face, feet, and back.  The police officers had poured water on him.  When Mr. BYUN regained consciousness, the police officers continued their

**COMPLAINT FOR DAMAGES**

1 | beating of Mr. BYUN, even though he was handcuffed and lying helplessly on the

2 | ground.

3 |

4 |       21.    When the police officers finally stopped beating Mr. Byun, he laid on

5 | the ground lifeless and brutally beaten.  One of the police officers took several

6 | photos of Mr. BYUN.  Thereafter, Mr. Byun was helped up off the ground by two

7 | police officers, who walked him to a patrol car.  Mr. BYUN was so badly beaten

8 | that the police officers transported him to Arrowhead Regional Medical Center,

9 | where he received medical treatment for his injuries.  Mr. BYUN is informed and

10 | believes and thereon alleges that he was treated at Arrowhead Regional Medical

11 | Center for one day prior to being transported to San Bernardino County jail.

12 |

13 |       22.    Mr. BYUN was unarmed at the time of the beating and did not pose

14 | an immediate threat to anyone.  Plaintiff is informed and believes and thereon

15 | alleges that, at the time of the beating, a reasonable police officer in the position of

16 | DOE POLICE OFFICERS and DOE SUPERVISORS would not believe that Mr.

17 | BYUN posed an immediate threat to anyone, especially after he was handcuffed

18 | and defenselessly lying on the ground.  Further, there were several alternative

19 | means of responding to the situation without the use of excessive force against Mr.

20 | BYUN.  Plaintiff is further informed and believes and thereon alleges that DOE

21 | POLICE OFFICERS and DOE SUPERVISORS failed to intervene with respect to

22 | the police officers' use of excessive force, despite having a realistic opportunity to

23 | do so.

24 |

25 |       23.    As a result of the beating by the COUNTY's police officers, Mr.

26 | BYUN sustained permanent injuries.  Mr. BYUN was beaten so badly by

27 | Defendants that nineteen (19) of this teeth were knocked out.  Mr. BYUN also

28 | sustained injuries to his right eye, including but not limited to double vision in his

**COMPLAINT FOR DAMAGES**

1    right eye.  After the beating, Mr. BYUN began using a cane when he walked

2    because his right knee was injured.  He also experienced cramps in his right knee.

3    Mr. BYUN also suffered from back pain.  Furthermore, Mr. BYUN began

4    suffering from mental health problems due to the traumatic beating at the hands of

5    the COUNTY's police officers, for which he is now taking medication.  The full

6    extent of Mr. BYUN's damages is uncertain at this time.

7

8         24.    As a result of the actions of the Defendants, Mr. BYUN lost his job as

9    a dental technician.  Mr. BYUN had been working as a dental technician for 18

10   years prior to becoming disabled.

11

12        25.    As a result of Defendants' acts and omissions, as alleged herein, Mr.

13   BYUN has suffered significant damages, including, without limitation, emotional

14   distress, humiliation, fear, anxiety, torment, degradation, loss of earnings and

15   earning capacities, pain and suffering, past and future medical expenses,

16   psychological trauma, and physical injuries and sickness.

17

18        26.    Mr. BYUN is informed and believes and thereon alleges that the

19   police officers and/or employees responsible for his damages were negligently

20   hired, trained, retained, and supervised by the San Bernardino Sheriff's

21   Department and its supervisory officials, including without limitation ROD

22   HOOPS.  Mr. BYUN is further informed and believes and thereon alleges that the

23   COUNTY and the SBCSD have policies, practices, and customs that permit

24   persons such as Mr. BYUN to be subjected to excessive force, including failing to

25   properly train and supervise SBCSD police officers regarding the proper use of

26   force.  The COUNTY and its police department have a policy, practice, and

27   custom of condoning and ratifying the use of excessive force against citizens

28

9.

**COMPLAINT FOR DAMAGES**

because they fail to have in place an appropriate mechanism, practice, policy, and/or custom to ensure that citizens are not subjected to excessive force.

## FIRST CAUSE OF ACTION
### VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION (EXCESSIVE FORCE), 42 U.S.C. § 1983 (AGAINST ALL DEFENDANTS)

27    Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 26 above.

28.    Defendants' actions deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff brings his claims for damages for the violation of these rights based on 42 U.S.C. § 1983.

29.    Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, *inter alia*, by subjecting Mr. BYUN to excessive force by beating and kicking him, and by using a rifle and baton against him for an extended period of time without provocation.  Defendants had absolutely no justification to use such lethal force against Plaintiff, especially given the fact that Mr. BYUN was handcuffed and posed no threat to anyone.  Defendants acted unreasonably with deliberate indifference to Plaintiff's constitutional rights and deliberately and intentionally caused Plaintiff to endure an inhumane and degrading beating, in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

30.    The COUNTY and its supervisors and officials, with deliberate indifference to the constitutional rights of persons within its jurisdiction, maintained or permitted official policies, practices, or customs that violated

**COMPLAINT FOR DAMAGES**

Plaintiff's constitutional rights.  Based upon the principles set forth in <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658 (1978), the COUNTY is liable for all injuries sustained by Plaintiff as set forth herein.  The COUNTY's liability arises from the fact that the its policies, practices, and customs were a direct and legal cause of Mr. BYUN's damages.

31.   Plaintiff is informed and believes and thereon alleges that the COUNTY adopted unconstitutional policies, customs, and practices and set in motion a series of events which directly led to the violation of Plaintiff's constitutional rights and otherwise authorized, ratified, and condoned the actions of their officers, employees, and agents in causing Plaintiff to be subjected to excessive force.  Moreover, Plaintiff is further informed and believes and thereon alleges that his constitutional rights were violated because the COUNTY had a policy, custom, or practice of knowingly failing to take action when citizens are subjected to excessive force.  Plaintiff is informed and believes that the COUNTY failed to provide adequate training and supervision to police officers with respect to the proper policies and procedures to be followed with regard to the use of force, and failed to provide adequate training and supervision to police officers to prevent officers from subjecting citizens to excessive force.  Defendants acted under color of law and their authority as California peace officers.

32.   As a direct and legal result of the acts and omissions of Defendants, Mr. BYUN has suffered great bodily injury, humiliation, fear, anxiety, torment, degradation, extreme emotional distress, loss of earnings, and loss of reputation.  Plaintiff is entitled to general and compensatory damages in amounts to be proven at trial, as well as attorney's fees.

33.    Defendants' acts were willful, malicious, intentional, oppressive, reckless and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION (RACIAL DISCRIMINATION), 42 U.S.C. § 1983 (AGAINST ALL DEFENDANTS)

34    Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 33 above.

35.    Defendants' actions were motivated by racial animus and discrimination and this also violates Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States.  Plaintiff brings his claims for damages for the violation of these rights based on 42 U.S.C. § 1983.

36.    Defendants' actions were committed with deliberate indifference to Plaintiff's constitutionally protected right under the Fourteenth Amendment's Equal Protection Clause to be free from racial discrimination.  While Defendants subjected Mr. BYUN to excessive force by beating and kicking him, and by using rifles and batons against him for an extended period of time without provocation, they intimidated him, by stating, "Fucking Korean!  Go home!"

37.    As a direct and legal result of the acts and omissions of Defendants, Mr. BYUN has suffered great bodily injury, humiliation, fear, anxiety, torment, degradation, extreme emotional distress, loss of earnings, and loss of reputation.

**COMPLAINT FOR DAMAGES**

1  Plaintiff is entitled to general and compensatory damages in amounts to be proven

2  at trial, as well as attorney's fees.

3

4      38.    Defendants' acts were willful, malicious, intentional, oppressive,

5  reckless and/or were done in willful and conscious disregard of the rights, welfare

6  and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary

7  damages in an amount to be determined at time of trial.

8

9                          THIRD CAUSE OF ACTION

10                                 BATTERY

11              (AGAINST ALL DEFENDANTS, EXCEPT HOOPS)

12      39.    Plaintiff realleges and incorporates by reference, as though fully set

13  forth herein, each and every allegation set forth in paragraphs 1 through 38 above.

14

15      40.    Defendants, while in the course and scope of their employment for

16  Defendant COUNTY OF SAN BERNARDINO, committed acts which resulted in

17  harmful or offensive contact with Plaintiff's person, to which Plaintiff did not

18  consent.  Said harmful or offensive contact caused injury, damage, loss, and/or

19  harm to Plaintiff as alleged herein.  The COUNTY'S police officers had no legal

20  justification for their actions, and said defendant's use of force against Mr. BYUN

21  while carrying out their police duties was an unreasonable use of force.

22

23      41.    The acts described herein constitute battery, actionable under the laws

24  of California.

25

26      42.    As a direct and legal result of the acts and omissions of Defendants,

27  and each of them, Plaintiff has suffered damages, including without limitation,

28

COMPLAINT FOR DAMAGES

loss of earnings and earnings capacity, pain and suffering, emotional distress, medical expenses, costs of suit, and other pecuniary losses not yet ascertained.

43.    Plaintiff is informed and believes and thereon alleges that the aforementioned acts of Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done with willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

44.    Defendants, and each of them, knew or should have known, that Plaintiff was battered.  After being informed of Defendants' unlawful conduct against Plaintiff, Defendants failed to discipline COUNTY police officers and kept them in their employ, thereby condoning, permitting, authorizing, or ratifying Defendants' unlawful conduct and/or are personally guilty of oppression, fraud, or malice.  As such, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

45.    Defendant COUNTY engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its officers, employees, subcontractors, and agents, and are vicariously liable for the wrongful conduct of its officers, employees, subcontractors, and agents for this cause of action.

## FOURTH CAUSE OF ACTION
### NEGLIGENCE
### (AGAINST ALL DEFENDANTS)

46.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 45 above.

14.

47.   Plaintiff is informed and believes and thereon alleges that on March 16, 2010, Defendants negligently and without due care and cause or provocation caused Plaintiff to be subjected to excessive and unreasonable force, thereby causing Plaintiff to suffer damages as alleged herein, including emotional distress. At all times during the negligent conduct of Defendants, said Defendants were acting within the course and scope of their employment and agency with Defendant COUNTY and under color of law.  Defendants were negligent and reckless, including but not limited to the following:

    (a)   the failure to properly and adequately assess the need to use force against Plaintiff;

    (b)   the failure to monitor and record any use of force by DOE POLICE OFFICERS;

    (c)   the failure to monitor and record any injuries specifically caused by the use of force by DOE POLICE OFFICERS;

    (d)   the negligent tactics and handling of the situation with Plaintiff;

    (e)   the negligent use of force against Plaintiff, even after Plaintiff was handcuffed and did not pose a threat to anyone;

    (f)   the negligent handling of evidence and witnesses.

48.   The acts and omissions against Plaintiff manifested an unreasonable risk of injury to Plaintiff.  As a direct and proximate cause of Defendants' negligence, and other undiscovered negligent conduct, Plaintiff suffered injuries and compensatory damages in an amount to be proven at time of trial.

49.   Defendant COUNTY engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its officers, employees, subcontractors, and agents, and are vicariously liable for the wrongful

conduct of its officers, employees, subcontractors, and agents for this cause of action.

### FIFTH CAUSE OF ACTION

NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION
(AGAINST ALL DEFENDANTS, EXCEPT GRIFFITH)

50.     Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 49 above.

51.     Upon information and belief, Defendants COUNTY, HOOPS, and DOE SUPERVISORS, by and through their agents and employees, knew or reasonably should have known of OFFICER GRIFFITH and DOE POLICE OFFICERS' propensity for wrongful, dangerous, and exploitive conduct.

52.     Defendants COUNTY, HOOPS, and DOE SUPERVISORS had a duty to not hire or retain OFFICER GRIFFITH and DOE POLICE OFFICERS, given their wrongful, dangerous, and exploitive propensities, and to provide reasonable training and supervision of OFFICER GRIFFITH and DOE POLICE OFFICERS.

53.     Defendants COUNTY, HOOPS, and DOE SUPERVISORS negligently retained and/or failed to train and/or supervise OFFICER GRIFFITH and DOE POLICE OFFICERS in their position of trust and authority as COUNTY police officers, where OFFICER GRIFFITH and DOE OFFICERS were able to commit the wrongful acts complained of herein against Plaintiff.  Defendants COUNTY, HOOPS, and DOE SUPERVISORS failed to provide adequate training and supervision to OFFICER GRIFFITH and DOE OFFICERS and other

**COMPLAINT FOR DAMAGES**

employees and agents with respect to the proper procedures to be followed when using force against a citizen, as well as anti-discrimination laws.

54.    As a result of the above-described conduct, Plaintiff has suffered, and continues to suffer shock, emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, loss of enjoyment of life, and has sustained loss of earnings and earning capacity, and past and future medical expenses.

55.    Defendants COUNTY and its managing agents, officers, and/or directors, including HOOPS, engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its officers, employees, subcontractors, and agents and is vicariously liable for the wrongful conduct of its employees, subcontractors, and agents for this cause of action.

## SIXTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (AGAINST ALL DEFENDANTS, EXCEPT HOOPS)

56.    Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 55 above.

57.    Defendants engaged in outrageous conduct towards Plaintiff with the intention to cause, or with reckless disregard for the probability of causing, Plaintiff to suffer severe emotional distress, and with wanton and reckless disregard for the injurious result to Plaintiff.  As set forth in detail under "Facts Common To All Causes of Action," OFFICER GRIFFITH and DOE POLICE OFFICERS used unreasonable and excessive force by beating Mr. BYUN all over his body with their feet, rifles, and batons, even after Mr. BYUN was handcuffed and posed no threat to anyone.  When Mr. BYUN became unconscious due to the

17.

1   beating, COUNTY police officers poured water on Mr. BYUN to help him regain
2   consciousness, and then beat and tortured him some more.

3

4        58.    As a direct and proximate cause of the aforementioned despicable
5   acts of Defendants, Plaintiff has suffered severe emotional distress, including but
6   not limited to mental anguish, feeling of helplessness and desperation, shock,
7   nervousness, anxiety, worry, grief, humiliation, indignity, and ordeal.  The acts of
8   Defendants were intentional and done with malicious and oppressive intent, and
9   were unreasonable and likely to result in severe emotional distress.  As a result of
10  Defendants' actions and/or omissions, Plaintiff has suffered severe emotional
11  distress because he was tortured and beaten inhumanely, even while he was
12  handcuffed and lying defenselessly on the ground.  Plaintiff continues to
13  experience severe emotional distress as he deals with the trauma of having been
14  brutally beaten by COUNTY police officers.  Plaintiff is entitled to general,
15  compensatory, and punitive damages in amounts to be proven at trial.

16

17       59.    Defendant COUNTY engaged in the acts alleged herein and/or
18  condoned, permitted, authorized, and/or ratified the conduct of its officers,
19  employees, subcontractors, and agents and is vicariously liable for the wrongful
20  conduct of its officers, employees, subcontractors, and agents for this cause of
21  action.

22

23                   SEVENTH CAUSE OF ACTION
24         VIOLATION OF CALIFORNIA CIVIL CODE § 52.1
25            (AGAINST ALL DEFENDANTS, EXCEPT HOOPS)
26       60.    Plaintiff realleges and incorporates by reference, as though fully set
27  forth herein, each and every allegation set forth in paragraphs 1 through 59 above.

28

                                18.

61.    As alleged herein, Defendants intentionally interfered with or attempted to interfere with Mr. BYUN's civil rights, including but not limited to his right to be free from any violence, by threatening and committing violent acts against him, in violation of California Civil Code § 52.1.  Mr. BYUN was subjected to a brutal and inhumane beating by COUNTY police officers, in violation of state laws and under the state Constitution, including but not limited to, California Constitution, Article 1, § 13, as well as the 4th and 14th Amendments to the United States Constitution.

62.    As a direct and legal result of the negligent acts and omissions of Defendants, and each of them, Plaintiff has suffered damages, including, without limitation, loss of earnings and earnings capacity, pain and suffering, emotional distress, and medical expenses.

63.    Plaintiff is informed and believes and thereon alleges that the aforementioned acts of Defendants, and each of them were willful, malicious, intentional, oppressive, and despicable and/or were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

64.    As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above and is entitled to statutory damages under Cal. Civ. Code § 52, as well as compensatory damages and attorney's fees.

65.    Defendant COUNTY engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its officers,

**COMPLAINT FOR DAMAGES**

1  employees, subcontractors, and agents and is vicariously liable for the wrongful

2  conduct of its officers, employees, subcontractors, and agents for this cause of

3  action.

4

5                    EIGHTH CAUSE OF ACTION

6              VIOLATION OF CALIFORNIA CIVIL CODE § 51.7

7              (AGAINST ALL DEFENDANTS, EXCEPT HOOPS)

8      66.    Plaintiff realleges and incorporates by reference, as though fully set

9  forth herein, each and every allegation set forth in paragraphs 1 through 65 above.

10

11     67.    As alleged herein, Defendants wrongfully deprived Plaintiff of his

12  rights to be free from violence, or intimidation, by committing violence against

13  him because of his race, color, ancestry, and/or national origin, in violation of

14  California Civil Code § 51.7.  Mr. BYUN was subjected to a brutal and inhumane

15  beating by COUNTY police officers.  The motivating reason for Defendants'

16  conduct was the COUNTY police officers' perception of Mr. BYUN's race, color,

17  ancestry, and/or national origin, as they intimidated him, by stating, "Fucking

18  Korean!  Go home!"

19

20     68.    As a direct and legal result of the negligent acts and omissions of

21  Defendants, and each of them, Plaintiff has suffered damages, including, without

22  limitation, loss of earnings and earnings capacity, pain and suffering, emotional

23  distress, and medical expenses.

24

25     69.    Plaintiff is informed and believes and thereon alleges that the

26  aforementioned acts of Defendants, and each of them were willful, malicious,

27  intentional, oppressive, and despicable and/or were done in willful and conscious

28  disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the

**COMPLAINT FOR DAMAGES**

awarding of punitive and exemplary damages in an amount to be determined at time of trial.

70.     As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was injured as set forth above and is entitled to statutory damages under Cal. Civ. Code § 52, as well as compensatory damages and attorney's fees.

71.     Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and /or ratified the conduct of its employees, subcontractors, and agents and are vicariously liable for the wrongful conduct of its employees, subcontractors, and agents for this cause of action.

## PRAYER

WHEREFORE, the Plaintiff seeks judgment as follows:

a.     For general, compensatory, and statutory damages against all Defendants, jointly and severally;

b.     For medical expenses and related items of expenses, according to proof;

c.     For loss of earnings and other economic or pecuniary damages, according to proof;

d.     For punitive and exemplary damages against all Defendants sued in their individual capacities, according to proof;

e.     For any and all other damages allowed by law, according to proof;

f.     For costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and California Civil Code § 52.

g.     For prejudgment interest;

h.     For such other and further relief as the Court deems just and proper.

1 | Dated: January 3, 2011

LAW OFFICES OF DO KIM

2 | By: _____

3 | Do Kim
Attorneys for Plaintiff

4 | HYUN JI BYUN

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22.

**COMPLAINT FOR DAMAGES**

## DEMAND FOR JURY TRIAL

Plaintiff HYUN JI BYUN hereby respectfully demands a trial by jury on all claims.

Dated: January 3, 2011

LAW OFFICES OF DO KIM

By:_____
Do Kim
Attorneys for Plaintiff
HYUN JI BYUN

23.

**COMPLAINT FOR DAMAGES**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV11- 2 CJC (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Do Kim (SBN 231038)
Law Offices of Do Kim
3435 Wilshire Blvd., Suite 2700
Los Angeles, CA 90010
Tel: (213) 251-5440

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| HYUN JI BYUN, an individual, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | ED CV 11 - 00002 |
| COUNTY OF SAN BERNARDINO, ROD HOOPS, OFFICER M. GRIFFITH, and DOES 1 through 10, inclusive, DEFENDANT(S). | SUMMONS |

TO:    DEFENDANT(S): COUNTY OF SAN BERNARDINO, ROD HOOPS, OFFICER M. GRIFFITH

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Law Offices of Do Kim_____, whose address is _3435 Wilshire Blvd., Suite 2700, Los Angeles, CA 90010_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TERRY NAFISI

Clerk, U.S. District Court

Dated: JAN 3

By: L. MURRAY
Deputy Clerk
(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                                 SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| HYUN JI BYUN | COUNTY OF SAN BERNARDINO, ROD HOOPS, OFFICER M. GRIFFITH, DOES 1 THROUGH 10 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Do Kim, Esq. (231038)<br>Law Offices of Do Kim<br>3435 Wilshire Blvd., Suite 2700, Los Angeles, CA 90010 | |

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No     ☑ MONEY DEMANDED IN COMPLAINT: $ To be determined at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Section 1983: Use of excessive force by police officers

### VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

ED CV 11 - 00002

**FOR OFFICE USE ONLY:**   Case Number:

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Los Angeles (Plaintiff Hyun Ji Byun) | |

(b) List the County in this District; California County outside of this District; State if other than California, or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of San Bernardino (Defendant County of San Bernardino; Defendant Rod Hoops; Defendant M. Griffith) | |

(c) List the County in this District; California County outside of this District; State if other than California, or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Riverside | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 1/3/11

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |