Arthur C. Preciado (Bar No. 112303)
art.preciado@gphlawyers.com
Andrew C. Rawcliffe (Bar No. 259224)
andrew.rawcliffe@gphlawyers.com
**GUTIERREZ, PRECIADO & HOUSE, LLP**
3020 East Colorado Boulevard
Pasadena, California  91107
Telephone No.: (626) 449-2300
Facsimile No.:  (626) 449-2330

Attorneys for Defendants
COUNTY OF SAN BERNARDINO, RODNEY HOOPS,
TIMOTHY O'CONNELL, FARRIS SHORT, PHILLIP DUPPER,
LLOYD PHILLIPS, and MATTHEW GRIFFITH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYUN JI BYUN, an individual,<br><br>            Plaintiff,<br><br>     v.<br><br>COUNTY OF SAN BERNARDINO, ROD HOOPS, OFFICER M. GRIFFITH, OFFICER F. SHORT, OFFICER B. PHILLIPS, OFFICER DUPPER, SERGEANT T. O'CONNELL, and DOES 1 through 10, inclusive,<br><br>            Defendants. | CASE NO. EDCV11-00002 CJC (Opx)<br>Assigned to Hon. Cormac J. Carney<br><br>**PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION** |

Whereas counsel for the parties have discussed the mutual exchange of documents in this litigation, Defendants, through their counsel of record, have agreed to produce certain confidential information in this litigation, and therefore the parties have stipulated to the following terms and conditions.  The Court hereby orders as follows:

1.     Following the issuance of a protective order and in accordance with the above-referenced agreement, the parties have agreed to exchange copies of the San

Bernardino County Sheriff's Department's (hereinafter "Department") confidential investigative file and use of force reports (hereinafter "Law Enforcement Records") (Bates Nos.: D-0001to D-0080; D-0400 to D-0456).

2.  This protective order is entered into because the Law Enforcement Records, which relate to Plaintiff's arrest and are relevant to the subject matter of this litigation, contain private information, including but not limited to names and contact information, concerning peace officers, third-party witnesses to a crime, and also contain classified information concerning the investigative techniques used by the Department's Special Enforcement Division in locating Plaintiff and effectuating his arrest.

3.  While these Law Enforcement Records are relevant to this litigation, the documents are specifically protected from disclosure to the public under the Freedom of Information Act (hereinafter "Act"). (5 U.S.C. § 522(b)(7); *Lane v. Department of Interior* (9th Cir. 2008) 523 F.3d 1128, 1137.) Policy considerations, therefore, dictate that protections should be taken to ensure that these Law Enforcement Records are not disseminated to the public as the privacy rights of the Department, its employees, and third-party witnesses outweigh the public's interest in viewing the Law Enforcement Records. (*Ibid.*)

4.  If the Protective Order is issued, the parties will produce the above-referenced documents, wherein the documents will be marked in one of the following ways: "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect.  Documents, writings, or other tangible items, so designated, and all information derived therefrom (hereinafter, collectively referred to as "Confidential Information"), shall be treated in accordance with the terms of this stipulation and protective order.

5.  In exchange for the release of the Law Enforcement Records, Plaintiff's counsel agrees that the Confidential Information shall only be used for the limited purpose of Plaintiff's pending civil case against Defendants County of San

Bernardino, Rod Hoops, Officer M. Griffith, Officer F. Short, Officer B. Phillips, Officer Dupper, Sergeant T. O'Connell, in the United States District Court, Central District of California, known as *Hyun Ji Byun v. County of San Bernardino, Rod Hoops, Officer M. Griffith, Officer F. Short, Officer B. Phillips, Officer Dupper, Sergeant T. O'Connell, and DOES 1 through 10*, Case No.: EDCV11-00002 CJC.

6. Plaintiff's counsel also agrees that if the Confidential Information is attached to a document filed or submitted in the civil case such records shall be filed under seal **IN COMPLIANCE WITH LOCAL RULE 79-5.** In entering into a Stipulation for the filing of Confidential Information under seal, neither one of the parties waives its right to object to the admissibility of said information in connection with that proceeding or to move to exclude said information prior to or during the time of trial.

7. During the course of depositions, when counsel makes an objection to a question concerning a protected document or information contained therein, which is the subject of this Stipulation and protective order, or concerning a general area that counsel believes should be covered by the scope of this Stipulation and protective order, those witnesses may answer the question, without waiving the objections, and the questions and answers to those questions will be sealed and covered by the terms of this protective order. Counsel and the parties reserve the right to object to the disclosure of confidential or private information which is not the subject of this Stipulation and protective order. Any documents deemed confidential pursuant to this protective order will be sealed, if they are used as exhibits in any deposition. This agreement does not waive any objections counsel may make, including objections unrelated to the reasons for this protective order.

8. Plaintiff's counsel also agrees that except as is necessary in the pending civil case against Defendants County of San Bernardino, Rod Hoops, Officer M. Griffith, Officer F. Short, Officer B. Phillips, Officer Dupper, Sergeant T. O'Connell, in the United States District Court, Central District of California, known as *Hyun Ji*

1 *Byun v. County of San Bernardino, Rod Hoops, Officer M. Griffith, Officer F. Short,*
2 *Officer B. Phillips, Officer Dupper, Sergeant T. O'Connell, and DOES 1 through 10,*
3 Case No.: EDCV11-00002 CJC, the Confidential Information shall not be disclosed
4 to anyone other than the parties, parties's counsel, experts, investigators, paralegal
5 assistants, office clerks, secretaries, and other personnel working under their
6 supervision.

7   9.   Plaintiff's counsel further agrees that no portion of the protected
8 information or documents shall be posted online in any manner, whether on the
9 internet or otherwise, nor shall any portion of the information or documents be
10 disseminated to the media whatsoever.

11   10.   Plaintiff's counsel also agrees that no electronic and/or digital copies of
12 the protected information or documents shall be made, nor shall any digital or
13 electronic copies of the protected information or documents be transmitted over the
14 internet in any manner, including, but not limited to, electronic mail.

15   11.   Upon conclusion of the pending civil case against Defendants County of
16 San Bernardino, Rod Hoops, Officer M. Griffith, Officer F. Short, Officer B. Phillips,
17 Officer Dupper, Sergeant T. O'Connell, in the United States District Court, Central
18 District of California, known as *Hyun Ji Byun v. County of San Bernardino, Rod*
19 *Hoops, Officer M. Griffith, Officer F. Short, Officer B. Phillips, Officer Dupper,*
20 *Sergeant T. O'Connell, and DOES 1 through 10,* Case No.: EDCV11-00002 CJC, all
21 released information and documents shall be destroyed.

22   12.   Plaintiff's counsel finally agrees that the information and documents are
23 not to be used or referred to in any other lawsuit, arbitration or administrative
24 proceeding.

25 **IT IS SO ORDERED.**

26

27 DATED: 7/20/11    By: _____
28                        OSWALD PARADA
                         UNITED STATES MAGISTRATE JUDGE

# PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

     I declare that I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is 3020 East Colorado Boulevard, Pasadena, California 91107.

     On July 14, 2011, I served the foregoing **[PROPOSED] PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Do Kim  
Law Offices of Do Kim  
3435 Wilshire Blvd., Suite 2700  
Los Angeles, CA 90010  
(213) 251-5440  
(213) 251-5445 fax

__X__   BY MAIL - I placed such envelope for deposit in the U.S. Mail for service by the United States Postal Service, with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Pasadena, California. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__  __   BY FEDERAL EXPRESS - I am familiar with the practice at my place of business for collection and processing of correspondence for overnight delivery maintained by Federal Express. Such correspondence will be deposited with a facility regularly maintained by Federal Express for receipt on the same day in the ordinary course of business. The envelope was sealed and placed for collection and delivery by Federal Express with delivery fees paid or provided for in accordance with ordinary business practices.

__  __   BY PERSONAL SERVICE - I delivered such envelope(s) by hand to the offices of the addressee(s) listed above.

__X__   (Federal) I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed July 14, 2011, at Pasadena, California.

/s/  
_____  
NANCY JONES